**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

WEALTH ADVISORS TRUST COMPANY, a
South Dakota corporation, as Trustee of the
Sherman E. Dugan Irrevocable Trust,
u/t/d August 20, 1991,

      Plaintiff,

v.                                 Case No._____

SALLY ANN BARTON DUGAN, an individual;
NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY, a Wisconsin corporation,

      Defendants.

**COMPLAINT FOR DECLARATORY**
**<u>JUDGMENT AND BREACH OF CONTRACT</u>**

COMES NOW Wealth Advisors Trust Company ("**Wealth Advisors**") by and through its

counsel Chappell Law Firm, P.A. and for its claims against Sally Ann Barton Dugan ("**Barton**

**Dugan**") and Northwestern Mutual Life Insurance Company ("**Northwestern**") states as follows:

**<u>PARTIES IN JURISDICTION</u>**

1.      Wealth Advisors is a South Dakota corporation, with its principal place of business

located in Pierre, South Dakota.

2.      Wealth Advisors is the successor trustee under the Sherman E. Dugan Irrevocable

Trust under trust agreement dated August 20, 1991 (the "**Trust**"). The original trustee at the time

of the establishment of the Trust was a resident of the state of Arizona and is now a resident of the

state of California.

3.      Barton Dugan is a resident of, and domiciled in, the state of New Mexico.

4.    Northwestern is a Wisconsin corporation with its domicile in the state of Wisconsin, but issues policies in, and does business in, the state of New Mexico.

5.    The beneficiaries of the Trust are Megan Dugan, a resident of the state of Georgia and Sean Dugan, a resident of the state of California.

6.    At issue in this case is Northwestern Mutual Life Insurance Company life insurance policy number 11 979 023, issued in 1992 (a copy of which is attached hereto as ***Exhibit A***) (the "**Policy**"). The sole beneficiary under the Policy is the trustee under the Trust.

7.    The Policy was subject to a Split Dollar Agreement with Dugan Production Corp., a New Mexico corporation, the entity paying the premiums on the Policy. All amounts due to Dugan Production Corp. have been paid and are no longer in controversy.

8.    The amount in controversy in this case is approximately $4,800,000 exclusive of interest and costs and is therefore in excess of the jurisdictional amount required for diversity jurisdiction.

9.    There is complete diversity between Wealth Advisors and all Defendants in this action and the amount in controversy exceeds $75,000, so this Court has jurisdiction under 28 U.S.C. § 1332(A)(1) (2012). The Court also has jurisdiction as to the declaratory relief requested under 28 U.S.C. § 1331 (2012) under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 (2012)

10.    Venue is proper in this Court.

## FACTS APPLICABLE TO ALL COUNTS

11.    On or about August 20, 1991, through Northwestern agent Wayne Gilbert, Sherman E. Dugan (deceased) caused the Trust to be formed with Wayne Gilbert as the trustee. The Trust is

**Complaint for Declaratory Judgment and Breach of Contract**                                **Page 2**

irrevocable and the children of Sherman E. Dugan, Sean Dugan and Megan Dugan, are the sole beneficiaries of the Trust.

12.    The funding of the Trust was through acquisition of the Policy on the life of Sherman E. Dugan. Sherman E. Dugan ("**Sherman**") died on December 22, 2013.

13.    The Policy was issued subject to a "Split Dollar" Agreement with Dugan Production Corp., the employer of Sherman which paid all premiums on the Policy. A copy of the Split Dollar Agreement is attached hereto as ***Exhibit B***. Premiums on the Policy were made by Dugan Production Corp. through 1999, after which the Policy remained in full force and effect based upon application of dividends and Policy loans to the premium payments. At the time of Sherman's death, the death benefit under the Policy was approximate $5,886,650.40.

14.    After Sherman's death, Wayne Gilbert as trustee of the Trust, provided appropriate documentation to Northwestern for distribution of the death benefits from the Policy. Because Wayne Gilbert is an agent for Northwestern, Northwestern requested he resign and designate a different trustee for the Trust. In accordance with those instructions, Mr. Gilbert designated Wealth Advisors as the successor trustee.

15.    Pursuant to the Split Dollar Agreement, Northwestern paid Dugan Production Corp. the sum of ONE MILLION SEVENTY-ONE THOUSAND THREE HUNDRED SEVENTY-SIX AND 20/100 DOLLARS ($1,071,376.20), the amount due under the agreement.

16.    On or about May 11, 2001, Sherman married Barton Dugan. There are no children born of this marriage. In approximately 2001 or 2002, Sherman ceased to be an employee of Dugan Production Corp. No premiums were paid on the Policy by Sherman and the latest payment of premiums by Dugan Production Corp. was in 1999, two years prior to the marriage to Barton Dugan.

**Complaint for Declaratory Judgment and Breach of Contract**                    **Page 3**

17.     Upon information and belief, Barton Dugan, by and through her counsel has made certain claims or demands on Northwestern with respect to the Policy. Wealth Advisors does not know and has not been made privy to any of such claims, however, it is alleged and believed that based upon the date of the Trust, the irrevocable status of the Trust, the Policy, the time of payment of premiums on the Policy and the marriage date of Sherman and Barton Dugan that any and all such claims are frivolous and unfounded. For reasons not made available to Wealth Advisors, Northwestern has refused to disburse the death benefits under the Policy to the trustee of the Trust.

## COUNT I-DECLARATORY JUDGMENT

18.     Plaintiff incorporates the allegations set out in paragraphs 1 through 17 hereof as if fully set out herein.

19.     It is alleged believed the claims of Barton Dugan against the Policy are without a basis in law or fact, and are therefore frivolous as she is not a beneficiary of the Policy, nor was community property used to pay premiums under the Policy. The trustee under the Trust is the owner of the Policy and is the only person that could have changed beneficiaries under the Policy. The authority of the trustee was irrevocable and no change of beneficiaries was made until such time as Wealth Advisors was named as the successor trustee.

20.     Northwestern has refused to pay the proceeds of the Policy to Wealth Advisors, apparently based upon claims by Barton Dugan and therefore a justiciable controversy has arisen between Wealth Advisors and Barton Dugan as to the right to the proceeds of the Policy.

21.     Wealth Advisors is entitled to a declaratory judgment determining that Barton Dugan has no claims to any proceeds from the Policy.

**Complaint for Declaratory Judgment and Breach of Contract**                    **Page 4**

## COUNT 2-BREACH OF CONTRACT

22.      Plaintiff incorporates the allegations set out in paragraphs 1 through 21 hereof as if fully set out herein.

23.      The Policy is a written contract between Northwestern and the Trust/trustee of the Trust.

24.      Northwestern is obligated under the terms of the Policy to pay all of the net proceeds to the Trust as the sole beneficiary.

25.      Northwestern has wrongfully failed and refused to pay the proceeds of the Policy to the Trust and has therefore breached the terms of the contract even though it was protected by statute from any liability for doing so.

26.      Northwestern's failure to pay out the proceeds of the Policy is wrongful, and constitutes an intentional breach of the terms of the Policy and Wealth Advisors should be entitled to recover its damages relating to such intentional breach including attorneys fees, costs, and interest related to this proceeding.

WHEREFORE, Wealth Advisors hereby respectfully requests the following relief:

1.      For declaratory judgment against Barton Dugan finding that she has no claim, right, title or interest in and to the Policy or the proceeds thereof;

2.      For judgment against Northwestern ordering it to disburse the proceeds to Wealth Advisors, together with interest at the rate provided by law;

3.      For damages in an amount determined by the Court for Northwestern's breach of the agreement as set out in the Policy;

**Complaint for Declaratory Judgment and Breach of Contract**                          **Page 5**

4.      For punitive or exemplary damages against Northwestern for its intentional breach of the terms of the Policy;

5.      For costs of this action and for such other and further relief including attorney fees as the Court in law and equity deems just and equitable.

Respectfully submitted,

CHAPPELL LAW FIRM, P.A.

By _____

Bill Chappell, Jr.
Michael Hoeferkamp
6001 Indian School Rd. NE, Suite 150
Albuquerque, New Mexico 87110
(505) 878-9600
(505) 878-9696 - FAX
*Attorneys for Plaintiff*

G:\data\WP60\2014\14141\Pleadings\Complaint BC DF 06-25-14.wpd